UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHAN S. P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04375-MJD-TWP |
| | ) |
| NANCY A. BERRYHILL, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [DKT. 28]**

This matter comes before the Court on Plaintiff's *Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act* [Dkt. 28]. For the following reasons, the Court **GRANTS** Plaintiff's motion.

**I. Background**

On May 21, 2018, Plaintiff filed his *Opening Social Security Brief* to reverse the ALJ's unfavorable finding and remand for further proceedings. [Dkt. 21.] On August 15, 2018, the parties filed a joint motion to remand the case [Dkt. 25], which the Court granted. [Dkt. 26.] Final judgment was entered on August 16, 2018. [Dkt. 27.] Plaintiff filed a *Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act* with supporting documentation on November 12, 2018, requesting an EAJA award of attorney's fees in the amount of $2,923.00 [Dkt. 28.] Defendant did not file a response to Plaintiff's Motion.

1

**II. Discussion**

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed in a Petition for EAJA fees, the movant must, "within thirty days of final judgment in the action," file his application (1) showing that he is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

First, the Court must determine whether Plaintiff's motion for fees was timely filed. Section 2412(d)(1)(B) of the EAJA states that an application for fees and expenses must be filed "within thirty days of final judgment in the action." The Supreme Court has clarified that the "30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired," which in this case is 60 days. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The Court entered final judgment on August 16, 2018. [Dkt. 27.] Thus, Plaintiff's November 12, 2018 petition for attorney fees was timely filed. [Dkt. 28.]

In Plaintiff's Motion, [Dkt. 28 at 1-2], Plaintiff contends he meets the "prevailing party" requirement of the EAJA pursuant to the standard set forth by the U.S. Supreme Court in *Shalala v. Schaefer*. 509 U.S. 292 (1993). In *Shalala*, the Supreme Court confirmed that a plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies

as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA. *Id.* at 300. Because the Court in this matter remanded Plaintiff's case to an administrative law judge for such further consideration, Plaintiff indeed meets the prevailing party requirement of the EAJA.

Next the Commissioner bears the burden of proving that her pre-litigation conduct, including the ALJ's decision itself, and her litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). In the matter before the Court, the Commissioner agreed to remand thereby electing not to carry her burden of proving that her position was substantially justified. [Dkt. 25.] Therefore, Plaintiff meets the EAJA's threshold requirement of asserting that the Commissioner's position in this matter was not substantially justified.

Finally, Plaintiff asserted the fees requested are reasonable pursuant to the terms of the EAJA. [Dkt. 28 at 2.] As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff attached an itemized statement as Exhibit B to his *Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act* that tracks the hours worked by his attorney, Matthew F. Richter, on this matter. [Dkt. 28-3.] Additionally, Plaintiff makes a representation of the reasonable rate of computation, as required by the EAJA. [Dkt. 28 at 3; Dkt. 28-2; Dkt. 28-3; Dkt. 28-4; Dkt. 28-5.] Thus, Plaintiff has met the threshold requirement of presenting the Court with both the hours expended by his attorney on the matter and the rate used to compute the total fees sought.

Although Plaintiff has met the burden of presentation regarding the amount of fees sought, the Court must determine whether such fees are *reasonable* pursuant to the EAJA. A

reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language additionally permits the Court to allow for "an increase in the cost of living" to justify a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

      Here, Plaintiff "requests an hourly rate in accordance with [the] statute adjusted due to the increase in cost of providing legal services and prevailing market rates." [Dkt. 28-2.] Plaintiff provided Exhibits C and D as support for the increase in Services of Lawyers, Producer Price Index, and the Consumer Price Index as evidence for his asserted $185.00 hourly rate requested in this case. [Dkt. 28-2.] Here, Plaintiff asserts that beginning in March 1996 the CPI-Midwest Urban Consumers Index was 151.7 and as of 2014 the increase of the cost of living was 1.486 (225.42/151.7); thus, "the maximum hourly rate for 2014 is $185.74 ($125.00 x 1.486)." [Dkt. 28-2.] Mr. Richter's hours in this case were completed between 2017 and 2018 but are based upon a lower 2014 rate; thus, the Court finds the hourly rate of $185.00 to be reasonable. The Court finds these rates are consistent with the inflation-adjusted rate, the depth of counsel's experience, the prevailing market rate in the community by lawyers of comparable skills and

experience, and the rate approved in other similar disability cases in this district. *See, e.g.*, *Rabe v. Astrue*, 2011 WL 2899063 (S.D. Ind. July 15, 2011); *Neal v. Colvin*, 2013 WL 4479802 (S.D. Ind. Aug. 19, 2013); *Little v. Colvin*, 2014 WL 30032 (S.D. Ind. Jan. 3, 2014).

Next, the Court must decide whether the number of hours reportedly worked by counsel appears sufficiently reasonable. The Seventh Circuit commands that an attorney use the same "billing judgment" with the Court that he or she would implement when presenting a client with the legal bill. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999). As explained by the Supreme Court, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Mr. Richter asserted he worked a total of 9.80 hours on this case and his non-attorney staff expended a total of 11.10 hours. [Dkt. 28-3.] The Court has reviewed the itemized time records of services rendered and finds Plaintiff's counsel employed proper "billing judgment" with regard to his work on this case. The Court finds that the number of hours worked appears reasonable.

Additionally, Plaintiff requested a fee award for services performed by non-attorney staff. [Dkt. 28-3.] If an attorney's fee is awarded, the services of paralegals should be taken into account. *Missouri v. Jenkins*, 491 U.S. 274, 286-87 (1989). Plaintiff asserted 11.10 hours were expended by non-attorney staff in this case at the rate of $100.00 per hour. [Dkt. 28-3.] The Court finds the hours for the work performed, as well as the hourly rate for non-attorney staff in this case, are reasonable. *See, e.g., Chorak v. Astrue*, Civil No. 2:11CV114, 2012 WL 1577448, at *2 (N.D. Ind. May 4, 2012) (citing case law and finding the hourly rate of $100.00 reasonable).

5

Finally, the Court is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" having taken place on behalf of Plaintiff or his counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds, pursuant to 28 U.S.C. § 2412(d)(1)(C).

### III. Conclusion

The Court finds Plaintiff's fee request of $1813.00 for Mr. Richter's 9.80 hours at the hourly rate of $185.00 is reasonable. Further, the Court finds Plaintiff's fee request of $1,110.00 for the 11.10 hours expended by non-attorney staff is reasonable. Therefore, based on the foregoing, Plaintiff's *Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act* [Dkt. 28] is **GRANTED**. Plaintiff is entitled to his reasonable attorney fees in the amount of Two Thousand Nine Hundred Twenty-three Dollars ($2,923.00). Defendant shall pay the EAJA fee directly to Plaintiff's counsel pursuant to the fee assignment signed by Plaintiff and counsel, subject to a statement of federal debt by the Commissioner.

SO ORDERED.

Dated: 11 APR 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov

Matthew Frederick Richter
KELLER & KELLER LLP
mrichter@2keller.com

Hannah Danielle Tuber
SOCIAL SECURITY ADMINISTRATION
hannah.tuber@ssa.gov

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com